**POLSINELLI LLP**
GARRICK VANDERFIN (SBN 316159)
gvanderfin@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  310.556.1801
Facsimile:   310.556.1802

*Attorney for Defendant*
*U.S. Bank National Association*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALOKE PAL,<br><br>            Plaintiff,<br><br>   v.<br><br>US BANK N.A.,<br><br>            Defendant. | Case No. 8:23-cv-1277 DOC (ADSx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6) BY DEFENDANT U.S. BANK NATIONAL ASSOCIATION**<br><br>DATE: August 28, 2023<br>TIME:  8:30 a.m.<br>JUDGE: Hon. David O. Carter<br>CTRM: 10A |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on August 28, 2023 at 8:30 a.m., before the Honorable David O. Carter, in Courtroom 10 A of the United States Courthouse for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, Defendant U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank") will

and hereby does move the Court to dismiss Plaintiff ALOKE PAL's ("Plaintiff") Complaint ("Complaint") pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Pursuant Local Rule 7-3, on July 20, 2023, more than five (5) days prior to the last day for filing the motion, counsel for U.S. Bank contacted via electronic mail Plaintiff, who is proceeding pro se, requesting to meet and confer and outlining the basis of this Motion. Counsel also requested the contact information of Plaintiff's attorney(s), if they had retained counsel. On July 21, 2023, counsel for U.S. Bank and Plaintiff met and conferred via telephone regarding the substance of the contemplated motion to dismiss but were unable to reach a resolution. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 21, 2023.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

Dated: July 24, 2023                          POLSINELLI LLP

                                              By: _____
                                                  GARRICK VANDERFIN

                                              *Attorney for Defendant*
                                              *U.S. Bank National Association*

## Memorandum of Points and Authorities

## I. INTRODUCTION

Plaintiff has failed to satisfy Fed. R. Civ. P. 8(a)(2) as he fails to state any facts to suggest he is entitled to relief. Plaintiff financed the purchase of a new boat and admits that he prematurely stopped making the required payments to U.S. Bank. Plaintiff admits that U.S. Bank sent him a notice of intent to sell the boat and provided Plaintiff with information regarding his conditional right to reinstate the contract and get the boat back. Plaintiff does not allege any conduct by U.S. Bank that was unlawful, unfair or fraudulent and, therefore, the Complaint lacks both a cognizable legal theory entitling Plaintiff to relief and facts sufficient to entitle Plaintiff to relief under any unalleged cognizable legal theory. As such, the Complaint should be dismissed for failing to state a claim upon which relief can be granted in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

### A. Procedural History

On November 15, 2021, Plaintiff filed a lawsuit against U.S. Bank in the Superior Court of the State of California, County of Orange, styled *Aloke Pal v. US Bank N.A.*, Case No. 30-2021-01231249. The Complaint purports to contain a single count for unfair business practices, but it does not specify the statute or common law basis the cause of action is based on. U.S. Bank removed this case to the U.S. District

Court for the Central District of California pursuant to 28 U.S.C. § 1332. On September 13, 2022 the case was remanded back to Orange County Superior Court.

U.S. Bank filed a demurrer to Plaintiff's Complaint on October 3, 2022. On May 31, 2023, U.S. Bank's demurrer to Plaintiff's Complaint was sustained with 20-days leave to amend. On June 19, 2023, Plaintiff served U.S. Bank with a copy of his First Amended Complaint. U.S. Bank removed this case to the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1331 on July 17, 2023.

### B.     Relevant Factual Allegations

On August 23, 2018, Plaintiff bought a new Robalo 226 Cayman fishing boat, VIN No. *******6J718 ("Boat"), with financing through U.S. Bank. Complaint p. 6.[1] The loan between Plaintiff and U.S. Bank had a term of 240 months, with the first payment due on September 22, 2018. *Id.* at p. 11.[2,3] Per the Complaint, Plaintiff admittedly stopped making the required payments after July 2021. *Id.* at p. 7. By October 2, 2021, $1,211.15 was past due and Plaintiff was aware of the past due amount. *Id.* at pp. 22-23.[4]

---

[1] The Complaint does not contain paragraphs and does not line up with pleading lines, so all citations are to the page the content is located on.
[2] Exhibit numbers/letters were not included for the Complaints exhibits. The page number refers to the page in the combined pdf document.
[3] The non-numbered/lettered exhibit has a handwritten title of "Original Purchase Doc."
[4] The non-numbered/lettered exhibit is the October 2, 2021 U.S. Bank Loan Statement.

4
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6) BY DEFENDANT U.S. BANK

Pursuant to the loan agreement, Plaintiff gave a security interest in the Boat to U.S. Bank. *Id.* at p. 11. Due to Plaintiff's continued nonpayment, the Boat was repossessed on October 30, 2021. *Id.* at p. 6.

On November 2, 2021, U.S. Bank sent Plaintiff a notice of plan to sell the Boat ("Notice"). *Id.* at pp. 7, 12-16.[5] The Notice provided Plaintiff with multiple options for getting the Boat back and informed Plaintiff of additional rights he has under California law. *Id.* at pp. 12-16. U.S. Bank even included a request for extension should Plaintiff want additional time to consider his options. *Id.* at p. 16. The Complaint is silent as to Plaintiff's response, if any, to the Notice.

## III. ARGUMENT

### A. Legal Standard

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: 1) lack of a cognizable legal theory or 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires a "short and

---

[5] The non-numbered/lettered exhibit is the November 2, 2021 U.S. Bank Notice of Our Plan to Sell Property – California.

plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). A complaint's factual allegations must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)).

The pleading standard set forth at Rule 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 664 (citing *Twombly*, 550 U.S. at 555). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* Plausibility does not equal "probability," but plausibility requires more than sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to its drafter and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). The Court "need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court . . . and may consider documents that are referred to in the complaint whose authenticity no party questions . . . ." *Id.* (citing *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) and *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)).

**B.     The TILA Claim Fails as a Matter of Law**

Plaintiff alleges that the agreement between U.S. Bank and Plaintiff was protected by the "Truth in Lending discloser[e]" and unspecified "Consumer's Rights." Complaint p. 2. While not a model of clarity, Plaintiff appears to be attempting to assert a claim for violation of the Truth in Lending Act ("TILA") (15 U.S.C.A. §§ 1601 et seq.).

TILA was enacted to assure that creditors provide a meaningful disclosure of credit terms so that consumers will be able to compare more readily various credit terms and to avoid the uninformed use of credit, and to prevent ordinary consumers from being deceived as to how much interest they are being charged. *In re Casselli*, 4 B.R. 531 (Bankr. C.D. Cal. 1980); *In re Ramsey*, 176 B.R. 183 (B.A.P. 9th Cir. 1994). Simply alleging that a defendant "has been deceitful" fails to meet the pleader's burden as expressed in *Aschcroft* and *Twombly* and warrants dismissal.

Here, Plaintiff fails to identify any violation under TILA. He does not identify which provision of TILA was allegedly violated. Nor does he allege that U.S. Bank failed to disclose any information required under TILA. Instead, his only allegation is that U.S. Bank "withheld the lien" and he was unable to use the subject boat. The Complaint is devoid of any allegations to support a TILA claim, and such claim should be dismissed.

Additionally, any TILA claim based on the mystery non-disclosures is barred by TILA's one-year statute of limitations. A plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). The statute of limitations under the TILA runs from the time the transaction is consummated. *King v. State of California*, 784 F.2d 910, 915 (1986); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Here, Plaintiff signed his financing documents in August 2018, but did not file suit until November

2021.  Plaintiff was required to bring suit within one year from the consummation of the contract that he alleges did not contain the complained disclosure.  He failed to do so.  As such, the one-year time limit for any claim for damages is time-barred.

**B. Plaintiff's Complaint Fails to Allege Cognizable Legal Theories and Facts Sufficient to Support Such Theories**

Plaintiff admits that he knowingly and intentionally breached his loan agreement for the Boat with U.S. Bank.  The Complaint,[6] in short, demonstrates that Plaintiff agreed to terms of financing for the Boat with U.S. Bank, Plaintiff intentionally stopped making payments on said financing, Plaintiff was aware that multiple payments were past due and that once U.S. Bank exercised its security interest in the collateral, it provided Plaintiff ample opportunity to cure his default/breach and have the Boat returned. The only breach or unlawful behavior alleged in the Complaint is Plaintiff's own breach of the financing agreement—nothing alleged in the Complaint gives rise to any recognizable cause of action or wrongdoing on behalf of U.S. Bank.

The Complaint fails to make any "showing" that Plaintiff is entitled to relief. While he mentions the term "Consumer Rights" and contends the "lien" was withheld due to deceitful conduct, Plaintiff fails to assert any cognizable causes of action in

---

[6] Including the non-numbered/lettered exhibits at Complaint p. 11 entitled "Original Purchase Doc"; pp. 121-16 November 2, 2021 U.S. Bank Notice of Our Plan to Sell Property – California; and pp. 22-23 October 2, 2021 U.S. Bank Loan Statement. U.S. Bank expressly reserves its right to challenge the authenticity, relevance and veracity of the other exhibits.

connection with such bare-bones allegations. To the extent Plaintiff is attempting to assert a claim for fraud or deceit, the allegations fail. Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard that requires an allegation of "fraud or mistake [to] state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Specifically, the 'circumstances' required by Rule 9(b) are the 'who, what, when, where, and how' of the fraudulent activity." *Campolo*, 2023 WL 2558562, at *4 (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). "Additionally, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Campolo*, 2023 WL 2558562, at *4 (quoting *Vess*, 317 F.3d at 1106). Mere accusation of unlawful behavior is insufficient, and Plaintiff has failed to meet his pleading burden. As such, the Complaint should be dismissed in its entirety.

## IV. CONCLUSION

For the reasons set forth herein, U.S. Bank respectfully requests this Court dismiss Plaintiff's First Amended Complaint in its entirety for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

///

///

///

////

RESPECTFULLY SUBMITTED this 24th day of July, 2023.

          POLSINELLI LLP

By: _____

          GARRICK VANDERFIN

*Attorney for Defendant*
*U.S. Bank National Association*

# **CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Polsinelli LLP, 2049 Century Park East, Los Angeles, CA 90067.

On July 24, 2023 I served the following document described as:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6) BY DEFENDANT U.S. BANK NATIONAL ASSOCIATION**

By serving a true copy of the above-described document in the following manner:

BY ELECTRONIC FILING

I am familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, all parties to this case have been served electronically.

I declare that I am employed in the office of a member of the Bar of California, or permitted to practice before this Court, at whose direction the service was made and declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on July 24, 2023, at Los Angeles, California.

*/s/ Yanika Childers*
Yanika Childers

CERTIFICATE OF SERVICE

90495388.1